UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWIGHT EARL RODGERS,<br><br>           Petitioner,<br><br>           v.<br><br>ROBERT W. FOX, ET AL.,<br><br>           Respondents. | CASE NO. CV 15-3752-CJC (PJW)<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED |

On April 29, 2015, Petitioner signed a Petition for Writ of Habeas Corpus, which was subsequently filed in this Court, challenging his convictions in 1998 in the Los Angeles County Superior Court for possession of a firearm by a felon and failure to register as a sex offender, and resultant 25-years-to-life sentence. (Petition at 1-2.) Petitioner claims that the jury was not properly instructed, the evidence was insufficient to support his convictions, and he was not aware of his duty to register. (Petition at 6-9 and attached page.) For the following reasons, Petitioner is ordered to show cause why his Petition should not be dismissed because it is time-barred.

State prisoners seeking to challenge their state convictions in federal habeas corpus proceedings are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d). Here, Petitioner's petition for

review was denied by the California Supreme Court on January 10, 2001. Petitioner alleges that he then filed a petition for writ of certiorari in the United States Supreme Court, which was denied (Petition at 3), but does not provide the date of that decision. Since Petitioner had 90 days to file the certiorari petition (Sup. Ct. R. 13), the Court assumes it was filed no later than April 10, 2001, and further assumes it was denied that same year. Therefore, giving Petitioner every reasonable benefit of the doubt, the statute of limitations expired no later than December 2002. Petitioner, however, did not file this Petition until April 2015, more than 12 years after the deadline.[1]

IT IS THEREFORE ORDERED that, no later than **June 22, 2015,** Petitioner shall inform the Court in writing why this case should not be dismissed with prejudice because it is barred by the statute of limitations. Failure to timely file a response will result in a recommendation that this case be dismissed.

DATED: May 22, 2015

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-State Habeas\RODGERS, D 3752\OSC dismiss pet.wpd

---

[1] Pursuant to the "mailbox rule" for prisoner filings, the Court uses the date Petitioner signed his pleadings (and presumably delivered them to prison staff for mailing) as the filing date. *See Houston v. Lack*, 487 U.S. 266, 275-76 (1988).